IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON WAYNE MCNEAL, JR., <br><br> Plaintiff, <br><br> vs. <br><br> J. RUSH, et al., <br><br> Defendants. | No. C 11-02798 EJF (PR) <br><br> ORDER GRANTING MOTION TO DISMISS; ADDRESSING PENDING MOTIONS <br><br><br> (Docket Nos. 26, 45, 46, 52, 55 & 63) |

Plaintiff, a California inmate at the Pelican Bay State Prison ("PBSP") in Crescent City, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983 against prison officials for unconstitutional acts. Finding the complaint, when liberally construed, stated cognizable claims, the Court ordered service upon Defendants J. Rush and O. Spencer. Defendant Rush filed a motion to dismiss the complaint, (Docket No. 26), for failure to exhaust administrative remedies before filing the suit pursuant to 42 U.S.C. § 1997e(a), and Defendant Spencer[1] filed joinder to the motion, (Docket No. 57). Plaintiff filed an opposition,[2] and Defendants filed a reply.

---

[1] Defendant O. Spencer was served on July 19, 2012, (see Docket No. 62), after his proper name was ascertained and summons was reissued, (see Docket No. 42).

[2] Although Plaintiff's opposition was filed after the deadline of May 17, 2012, in the interest of justice the Court will consider the brief timely filed as it was signed May 12, 2012.

Order Granting Motion to Dismiss; Addressing Pending Motions
G:\PRO-SE\SJ.EJD\CR.11\02798McNeal_grant-mtd.wpd                1

# DISCUSSION

A.   Statement of Facts

Plaintiff filed a complaint on June 8, 2011, naming as defendants Officers J. Rush and O. Spencer. (Compl. at 2-3.) Plaintiff alleged that he was injured during an incident with an allegedly hostile cellmate on September 14, 2010. The altercation resulted in "a piece of [Plaintiff's] ear com[ing] off" as well as injuries to his left eye and lips, and "abrasions, scratches, and lumps" on his body. (Compl. Attach., CDC 602, Nov. 2, 2010.) Plaintiff claims that when he approached Defendants Rush and Spencer a few days before the altercation and notified them that he and the cellmate were "antisocial [and] not compatible" and that he feared for his safety and security, they acted with "deliberate indifference" by failing to take reasonable measures to protect him. (Id.) In his complaint, Plaintiff checked the box indicating that he appealed the matter to the highest level of appeal available to him. (Id. at 2.)

On October 21, 2011, the Court issued an order of service identifying an Eighth Amendment claim for Defendants' failure to take reasonable measures to protect Plaintiff from violence at the hands of other prisoners. (Docket No. 10.)

B.   Standard of Review

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and no longer left to the discretion of the district court. Woodford v. Ngo, 548 U.S. 81, 84 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). "Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards." Id. Even when the relief sought cannot be granted by the administrative process, i.e., monetary damages, a prisoner must still exhaust administrative remedies. Id. at 85-86 (citing Booth, 532 U.S. at 734).

The PLRA's exhaustion requirement requires "proper exhaustion" of available

administrative remedies. Id. at 93. This requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." Id. at 84. "The text of 42 U.S.C. § 1997e(a) strongly suggests that the PLRA uses the term 'exhausted' to mean what the term means in administrative law, where exhaustion means proper exhaustion." Id. at 92. Therefore, the PLRA exhaustion requirement requires proper exhaustion. Id. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91 (footnote omitted). A prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. See id. at 87; see also Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005) (holding that, to exhaust remedies, a prisoner must file appeals in the place, and at the time, the prison's administrative rules require); Ross v. County of Bernalillo, 365 F.3d 1181, 1185-86 (10th Cir. 2005) (same).

The California Department of Corrections and Rehabilitation ("CDCR") provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. See id. § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must submit his complaint on CDCR Form 602 (referred to as a "602") and proceed through several levels of appeal: (1) informal level grievance filed directly with any correctional staff member, (2) first formal level appeal filed with one of the institution's appeal coordinators, (3) second formal level appeal filed with the institution head or designee, and (4) third formal level appeal filed with the CDCR director or designee. Id. § 3084.5; Brodheim v. Cry, 584 F.3d 1262, 1264-65 (9th Cir. 2009); Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). This satisfies the administrative remedies exhaustion requirement under § 1997e(a). Barry, 985 F. Supp. at 1237-38.

1    Nonexhaustion under § 1997e(a) is an affirmative defense. Jones v. Bock, 549 U.S. 199, 211 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Defendants have the burden of raising and proving the absence of exhaustion, and inmates are not required to specifically plead or demonstrate exhaustion in their complaints. Jones, 549 U.S. at 215-17. As there can be no absence of exhaustion unless some relief remains available, a movant claiming lack of exhaustion must demonstrate that pertinent relief remained available, whether at unexhausted levels or through awaiting the results of the relief already granted as a result of that process. Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005).

A nonexhaustion claim should be raised in an unenumerated Rule 12(b) motion rather than in a motion for summary judgment. Wyatt, 315 F.3d at 1119. In deciding such a motion – a motion to dismiss for failure to exhaust nonjudicial remedies – the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20. If the court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal without prejudice. Id. at 1120.

C.   Analysis

Defendants contend that Plaintiff failed to properly exhaust the claims raised in his complaint as required by the PLRA. (Mot. to Dismiss at 2.) Although Plaintiff alleges in his complaint that he presented his claim for review through the highest level available to him, Defendants argue that Plaintiff never presented an appeal at the formal level after his appeal was screened out at the informal level. (Id.) Instead, he bypassed the prison's formal review levels and sent the rejected appeal directly to the third level review, where the appeal was again screened out. (Id.)

In support of their motion, Defendants submit the declaration of T. Puget, who is the Appeals Coordinator at PBSP, in which he states that he conducted a search of all grievances filed by Plaintiff. (Decl. Puget at ¶¶ 10 and 11.) Mr. Puget determined that Plaintiff submitted thirteen grievances, five of which were accepted, assigned a log number and assigned for review. (Id.) In response to Plaintiff's allegation that he filed a

formal appeal on November 2, 2010, Mr. Puget provides a copy of CDC Form 695 with no log number, which states that Plaintiff's appeal was screened out because it "cannot be understood or is obscured by pointless verbiage or voluminous unrelated documentation." (Id., Ex. C.)  Plaintiff was further advised that the "appeal cannot be processed as written" and that "[i]f [Plaintiff] wish[ed] to file a staff complaint, [to] remove the CDCR-115 portion of the appeal and return the appeal to the appeals office for processing. Basically, sep[a]rate [his] appeal issues and refile the appeals."  (Id.)  Defendant contends that there is no record of Plaintiff pursuing any further administrative remedies with respect to this appeal.  (Mot. at 4.)

Defendants also provide a declaration from D. Foston, the Chief of the Office of Appeals, in which he states that the Office of Appeals for third-level received one appeal from Plaintiff at or around the time Plaintiff claims he sent an appeal to his office, *i.e.*, on November 16, 2010.  (Decl. Foston at ¶ 7.)  According to their records, the appeal was screened out with the following disposition: "Rejected Follow Instructions Given on CDC 695 Appeal Rejected/Withdrawn/Cancelled."  (Id. at ¶ 8; Ex. A.)  According to Mr. Foston, this means that the appeal was rejected because Plaintiff failed to comply with the instructions provided by the prison institution to obtain lower-level review before submitting the matter to the third-level review.  (Id.)

A review of the complaint shows that Plaintiff submitted an appeal at the informal level on October 14, 2010, "about [his] situation and lawsuit for [his] defense."  (Compl. at 2.)  Plaintiff then submitted an appeal to the first level of review on November 2, 2010, for which he received a "CDC 695" on November 16, 2010, with no log number. (Id.)  Plaintiff provides no information regarding the second formal level of review.  (Id.) With respect to the third level of review, Plaintiff states that he sent an appeal to the "chief appeals in Sacramento" who sent him a response "stating rejection with no log number."  (Id.)  These facts are consistent with the information provided by Defendants.

In opposition, Plaintiff does not dispute the facts set forth above.  Rather, he asserts that his appeal was wrongfully screened out at the informal level, and that he

should be excused from exhaustion. (Oppo. at 21.) If prison officials improperly screen out an inmate's appeals, the inmate cannot properly complete the grievance process, and thus, administrative remedies are unavailable. Sapp v. Kimbrell, 623 F.3d 813, 822-23 (9th Cir. 2010).[3] To satisfy this exception to exhaustion, an inmate must show: "(1) that he actually filed a grievance or grievances that, if pursued through all levels of administrative appeals, would have sufficed to exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials screened his grievance or grievances for reasons inconsistent with or unsupported by applicable regulations." Id. at 823-24. Here, Plaintiff fails to show the he meets either criteria for the exception to apply. The notice to Plaintiff regarding his informal appeal advised him that his appeal was being screened out because it "cannot be understood or is obscured by pointless verbiage or voluminous unrelated documentation" under California Code of Regulations 3084(c). (Decl. Puget, Ex. C.) Plaintiff was further advised that the "appeal cannot be processed as written" and that "[i]f [Plaintiff] wish[ed] to file a staff complaint, [to] remove the CDCR-115 portion of the appeal and return the appeal to the appeals office for processing. Basically, sep[a]rate your appeal issues and refile the appeals." (Id.) This language was clear notice to Plaintiff that administrative relief remained available if he filed an appeal in compliance with regulations. Accordingly, Plaintiff is not entitled to the exception to exhaustion. Defendants have demonstrated that Plaintiff failed to properly exhaust his administrative remedies at the time he filed the instant complaint. See Ngo, 548 U.S. at 84.

Because Plaintiff failed to exhaust his administrative remedies with respect to the claims presented in the complaint, Defendants' motion to dismiss, (Docket No. 26), is

---

[3] Sapp left open the possibility that exhaustion may also be excused where "repeated rejections of an inmate's grievances at the screening stage give rise to a reasonable good faith belief that administrative remedies are effectively unavailable" or where draconian and complex prison procedural requirements render administrative remedies effectively unavailable. Sapp, 623 F.3d at 826-27. Sapp also explicitly declined to address whether the PLRA is subject to an equitable exception to exhaustion. Id. at 827.

1  GRANTED.  See 42 U.S.C. § 1997e(a).

2  C.     Pending Motions

3  In light of the dismissal of this action, Plaintiff's motion to produce discovery, (Docket No. 45), motion to amend money reward, (Docket No. 52), motion for leave to file state claims, (Docket No. 55), and motion for extension of time to file response, (Docket No. 63), are DENIED as moot.

Plaintiff's motion to serve Defendant Spencer, (Docket No. 46), is DENIED as moot as Defendant Spencer has since appeared in this action.

## CONCLUSION

For the foregoing reasons, Defendants Rush and Spencer's motion to dismiss the complaint for failure to exhaust administrative remedies is GRANTED.  This action is DISMISSED without prejudice to Plaintiff refiling after all available administrative remedies have been properly exhausted.  Wyatt, 315 F.3d at 1120.

This motion terminates Docket Nos. 26, 45, 46, 52, 55 and 63.

DATED:   9/11/2012

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON WAYNE MCNEAL, JR., | Case Number: CV11-02798 EJD |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| J. RUSH, et al., | |
| Defendants. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 9/12/2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Vernon Wayne McNeal V-41094
CCI - Tehachapi State Prison
P. O. Box 1906
Tehachapi, CA 93581

Dated: 9/12/2012

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk