IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VERNON WAYNE MCNEAL, JR., | ) | No. C 11-02798 EJD (PR) |
| Plaintiff, | ) | |
| | ) | ORDER DENYING MOTION FOR RECONSIDERATION |
| vs. | ) | |
| | ) | |
| J. RUSH, et al., | ) | |
| Defendants. | ) | |
| | ) | (Docket No. 68) |

Plaintiff, a California inmate at the Pelican Bay State Prison ("PBSP") in Crescent City, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983 against prison officials for unconstitutional acts. On September 12, 2012, the Court granted Defendants' motion to dismiss the complaint for failure to exhaust administrative remedies, and dismissed the action without prejudice to Plaintiff refiling after all available administrative remedies have been properly exhausted. (See Docket No. 67.)

On October 1, 2012, Plaintiff filed a "motion to alter ruling" under Federal Rule of Civil Procedure 59, (Docket No. 68), which the Court construes as a motion for reconsideration. Defendants filed opposition to the motion. (Docket No. 71.)

Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court.

See Twentieth Century - Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981). "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting United States v. Desert Gold Mining Co., 433 F.2d 713, 715 (9th Cir. 1970)). Furthermore, a motion for reconsideration under Rule 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law.'" McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc).

Plaintiff asserts that the Court erred in denying his motion for additional time to file a supplemental opposition after the Court provided him notice under Wyatt v. Terhune, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003), pursuant to the Ninth Circuit's recent holding in Woods v. Carey, Nos. 09-15548 & 09-16113, slip op. 7871, 7874 (9th Cir. July 6, 2012). (See Docket No. 61.) Although the Court had provided Plaintiff with the Wyatt notice in its Order of Service, (Docket No. 10), Woods requires that such notice be served concurrently with motions to dismiss. (Id.) Accordingly, the Court issued the Wyatt notice again to Plaintiff because it had not been served concurrently with Defendants' pending motion to dismiss. By that time, Plaintiff had already filed an opposition to the motion, so the Court provided him with additional time in which to file a supplemental opposition if he so desired. (Docket No. 61.) Instead, Plaintiff filed a motion for an extension of time, asserting that he needed sixty days to "study cases cited by Defendants etc.," and that his opposition "was rushed and not sufficient due to not having access [to law library and legal materials]." (Docket No. 63 at 2.) The Court denied the motion for an extension of time as moot after it granted Defendants' motion to dismiss.

In opposition, Defendants contend that Plaintiff clearly understood his burden from the outset when the Court advised him in its Order of Service what he needed to do

to oppose any motion to dismiss. (Docket No. 71 at 8.) Furthermore, Defendants point out that after being granted several extensions of time, Plaintiff was able to file an opposition brief that spanned forty pages, to which he attached an additional thirty pages of supporting documents. (Id.) The opposition also included four pages of "Authorities and Citations." (Id. at 10.)

Plaintiff has failed to present sufficient reason justifying reconsideration. He points to no intervening change in law or new evidence as grounds for relief, but maintains that the Court erred in its ruling. However, a district court does not commit clear error warranting reconsideration when the question before it is a debatable one. See McDowell, 197 F.3d at 1256 (district court did not abuse its discretion in denying reconsideration where question whether it could enter protective order in habeas action limiting Attorney General's use of documents from trial counsel's file was debatable). Here, the question of whether Plaintiff could have prevailed had he been provided additional time to file a supplemental opposition is debatable. While he claims that his forty page opposition brief was "rushed" and inadequate, Plaintiff also asserts that his opposition clearly showed that administrative remedies were unavailable. However, based upon the record, it was clear that Plaintiff did not administratively exhaust his remedies and that no exception applied to excuse him from doing so. Lastly, it cannot be said that providing Plaintiff with an additional sixty days to "study" Defendants' citations would have uncovered additional facts by which he could prevail. Plaintiff's arguments do not present "highly unusual circumstances" to justify reconsideration. McDowell, 197 F.3d at 1255. Accordingly, the motion for reconsideration is DENIED.

This order terminates Docket No. 68.

DATED: 10/26/2012

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

VERNON WAYNE MCNEAL JR.,

        Plaintiff,

  v.

J. RUSH, et al.,

        Defendants.

Case Number: CV11-02798 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 10/29/2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Vernon Wayne McNeal V-41094
CCI - Tehachapi State Prison
P. O. Box 1906
Tehachapi, CA 93581

Dated: 10/29/2012

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk